```
                    United States District Court
                      District of Massachusetts
┌─────────────────────────────────┐
│                                 )
│ Carol Lewis,                    )
│                                 )
│        Plaintiff,               )
│                                 )
│        v.                       )   Civil Action No.
│                                 )   15-13530-NMG
│ Thomas E. Price, Secretary of   )
│ the United States Department of )
│ Health and Human Services,      )
│                                 )
│        Defendant.               )
│                                 )
└─────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case is an appeal of a decision by the Secretary of Health and Human Services ("the Secretary" or "defendant") to deny Medicare coverage for a subcutaneous "continuous glucose monitor" that Carol Lewis ("Lewis" or "plaintiff") formerly used.

Pending before the Court are the parties' cross-motions for summary judgment as well as defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, plaintiff's motion for summary judgment will be denied, defendant's motion for summary judgment will be denied as moot but his motion to dismiss will be allowed.

## I. Background

Carol Lewis has had Type 1 diabetes for over 30 years. Consequently, she suffers from hypoglycemia and hyperglycemic unawareness, which means that she cannot determine whether she is experiencing a glucose "high" or "low". To combat the malady, Lewis's doctor prescribed her a continuous glucose monitor ("CGM"). That device, which was implanted under her skin, computed her blood glucose level and transmitted that information to a receiver which, in turn, warned Lewis to check her glucose level with a "fingerstick". The CGM also provided information about the fluctuations in Lewis's glucose levels over time which allowed her physician to devise a long-term glucose management plan.

When Lewis became eligible for Medicare (at a date unspecified in the record), she submitted claims for her CGM equipment but those claims were denied. On appeal, an administrative law judge concluded, and the Medicare Appeals Council affirmed, that her CGM equipment was not covered by Medicare. Specifically, the Medicare Appeals Council held that the subject equipment did not "serve a medical purpose" as required by agency regulation, 42 C.F.R. § 414.202.

In October, 2015, Lewis filed an eight-count complaint against the Secretary, asserting violations of the Administrative Procedure Act, 5 U.S.C. § 706 (Counts I-VII) and

requesting a writ of mandamus pursuant to 28 U.S.C. § 1361 (Count VIII). Count VIII was dismissed as moot in September, 2016.

In January, 2017, plaintiff filed a motion for summary judgment on all remaining counts. Two months later the Secretary filed his own motion for summary judgment to affirm the decision of his predecessor. Moreover, in light of a recent admission by plaintiff in her summary judgment memoranda that she no longer uses the subject CGM equipment, defendant requests that plaintiff's claims be dismissed as moot, pursuant to Fed. R. Civ. P. 12(b)(1). Those motions are the subjects of this memorandum.

## II. Mootness

In a reply brief, defendant moves to dismiss plaintiff's remaining claims (Counts I-VII) on grounds that she no longer uses the subject CGM equipment and, therefore, no longer has a stake in the outcome of the case.[1]

Mootness is a constitutional issue that a court should ordinarily resolve before reaching the merits of a case. <u>ACLU of Mass.</u> v. <u>U.S. Conference of Catholic Bishops</u>, 705 F.3d 44, 52 (1st Cir. 2013). The mootness doctrine ensures that claims are to be justiciable throughout litigation not only when a claim is

---

[1] Plaintiff did not request leave, pursuant to Local Rule 7.1, to file a reply to defendant's mootness argument.

-3-

initially filed. Id.  The First Circuit Court of Appeals has identified the following instances of cases becoming moot:

1) when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome;

2) when the court cannot give any effectual relief to the potentially prevailing party; and

3) if events have transpired to render a court opinion merely advisory.

KG Urban Enters., LLC v. Patrick, 969 F. Supp. 2d 52, 56 (D. Mass. 2013) (citing Catholic Bishops, 705 F.3d at 52-53).

In plaintiff's opposition to the Secretary's motion for summary judgment in which she makes a persuasive argument that the original device did, indeed, serve a medical purpose, she notes (for the first time) that she no longer uses the CGM equipment at issue in the complaint.  Instead, she currently uses a "Dexcom G5" device to monitor her glucose levels which the Secretary acknowledges is covered by Medicare.

Because plaintiff is not using the subject CGM equipment, she lacks a legal interest in the outcome of the case and, therefore, her claims will be dismissed as moot. See Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) ("If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action . . . must be dismissed as moot."

(internal quotation marks omitted) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990))).

**ORDER**

For the foregoing reasons,

1) plaintiff's motion for summary judgment(Docket No. 48) is **DENIED,**

2) defendant's motion for summary judgment (Docket No. 51) is **DENIED as moot** and

3) defendant's motion to dismiss plaintiff's claims for lack of subject matter jurisdiction (Docket No. 57) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 18, 2017