UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL LEWIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALEX AZAR )<br>Secretary, United States Department )<br>of Health and Human Services, )<br>)<br>Defendant. )<br>) | Civil Action No.:<br>1:15-CV-13530-NMG |

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR FEES AND COSTS**

Defendant requests that the Court deny Plaintiff's Motion for Fees and Costs under the Equal Access to Justice Act ("EAJA") because Defendant's position throughout this action has been substantially justified and Defendant has had no improper purpose in pursuing its defense. 28 U.S.C. §§ 2412(b), (d). Plaintiff cannot show that Defendant "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Kerin v. United States Postal Service,* 218 F.3d 185, 190 (2d Cir. 2007).

**I. DEFENDANT'S POSITION WAS SUBSTANTIALLY JUSTIFIED**

In Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Fees and Costs, Plaintiff asserts that Defendant's position in this action lacked substantial justification because it is nonsensical to assert – as Defendant did -- that a continuous glucose monitor ("CGM") is not primarily and customarily used for a medical purpose, because Defendant's position has been denied in other cases, and because Defendant's position is unsupported by the facts. Pl. R. to Def. Opp'n to Pl. Mot. for Fees & Costs at 2, 6. For the reasons discussed below, Plaintiff's arguments are without merit.

First, Defendant has clearly demonstrated that his position in this action had a reasonable basis in law and fact and, thus, was substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). The fact that the U.S. Food and Drug Administration had not – and has not – approved Plaintiff's Medtronic® CGM as safe and effective for indicating that insulin adjustment is needed,[1] and the fact that the physicians' opinions and medical literature in the administrative record state the same,[2] are strong support for Defendant's position that Plaintiff's CGM is unreliable as a basis for Plaintiff to adjust her insulin doses. AR 10-11, 79-84, 100, 888. Because Plaintiff's Medtronic CGM did not provide a reliable reading of Plaintiff's glucose levels, she was required to follow up with a traditional blood glucose monitor – the traditional finger prick method, which is entirely separate from her CGM -- in order to check her insulin levels before she could make a decision about adjusting her insulin dosage. That is, it was the finger prick method of monitoring blood glucose that provided reliable information, not Plaintiff's CGM. As a result, it was reasonable for Defendant to take the position that the Medtronic CGM did not primarily serve the medical purpose of informing Plaintiff regarding when and how much insulin to take. 42 C.F.R. § 414.202 (defining durable medical equipment covered by Medicare as equipment that primarily and customarily serves a medical purpose). Defendant's position met the "substantially justified" standard because his position raised a "genuine dispute" and/or "reasonable people could differ as to [the appropriateness of the contested action]…." *See Pierce,* 487 U.S. at 565.[3]

---

[1] The FDA states that the device "is not intended to be used directly for making therapy adjustments." It is used to "provide an indication" that the patient "may be required" to test her insulin with the traditional, finger prick method. The finger prick method is a reliable method for checking insulin levels. AR at 11.

[2] *See* Defendant's Opposition to Plaintiff's Motion for EAJA Fees and Costs ("Def. Opp.") at 6-7.

[3] Moreoever, the term "substantially justified" does not mean "justified to a high degree." *Id.*

Second, Plaintiff relies on *Pierce v. Underwood* to argue that Defendant's "string of losses" in district court and at the administrative level shows a lack of substantial justification. 487 U.S. at 569. However, *Pierce* is not analogous to Plaintiff's case. The Supreme Court in *Pierce* pointed to nine federal district court opinions and two appellate court opinions that had ruled against the government's position. 487 U.S. at 555. Here, Defendant agrees that two other district courts have, recently, ruled in favor of Medicare beneficiaries seeking coverage for Plaintiff's CGM, but these two decisions do not constitute the overwhelming contrary authority pointed to in *Pierce*. *Id*. Moreover,, the district court decisions cited by Plaintiff are limited in effect (and were issued in jurisdictions outside of this court) and no appellate court has ruled on the issue. *See U.S. v. Baez*, 878 F.Supp.2d 288, 295 (D. Mass. 2012) ("decisions of the federal district courts are not binding on any parties other than those in the case generating that particular decision.")

In addition, the adverse administrative level decisions cited by Plaintiff are irrelevant. This Court is not bound by administrative law judge decisions and, as Defendant noted; Def. Opp. at 5; numerous administrative decisions have <u>upheld</u> Defendant's position. *See Bloom v. Azar*, 5:16-CV-121, 6 (D. Vt. Jan. 29, 2018) ("*Bloom*") (noting that the Medicare Appeals Council issued an unfavorable decision) and *Whitcomb v. Hargan*, 2:17-CV-14, at 3-4 (E.D. Wis. Oct. 26, 2017) ("*Whitcomb*") (also noting that the Medicare Appeals Council issued an unfavorable decision). *See also, In the case of J.M.,* Council Docket No. M-13-761, 2013 WL 7965732 (Mar. 29, 2013); *In the case of J.S.,* Council Docket No. M-11-1598, 2011 WL 6968051 (Aug. 3, 2011); *In the case of K.M.*, Council Docket No. M-10-1481, 2010 WL 4877156 (Oct. 29, 2010). If administrative decisions were relevant, it would be clear that the administrative judges reviewing similar cases have had differing opinions on the correct

interpretation of the relevant statutory, regulatory, and policy provisions, some agreeing with Defendant's position in this action and some not agreeing, but all reasonable.[4]

Third, Plaintiff argues that Defendant's position as to mootness in Defendant's Motion to Dismiss was not substantially justified because Plaintiff clearly stated in her Complaint that she was seeking payment under the Medicare statute for her denied claims. Pl. Reply to Def. Opp'n to Pl. Mot. for Fees & Costs at 6. In fact, Plaintiff did <u>not</u> clearly state in her Complaint that she was seeking payment under the Medicare statute for her past claims. The Complaint listed six counts; five counts were brought pursuant to the Administrative Procedure Act, and one requested relief under the Mandamus Act. Pl. Compl. at ¶ 105-132. The Complaint did not seek relief under the Medicare statute, which may have provided for payment on previously-denied claims, or at least would have indicated that Plaintiff was seeking payment for previously-denied claims. *Id*. Moreover, the Prayer for Relief in the Complaint does <u>not</u> seek payment for past claims. Pl. Compl. at 20. Accordingly, it was reasonable for Defendant to argue that the Complaint was moot, given that the Complaint did not request payment for past claims and given that Plaintiff admitted that she had begun using a more technologically advanced CGM that was covered by Medicare— an admission indicating that payment for future claims on the Medtronic CGM was no longer at issue. *See* Plaintiff's Opposition to HHS' Motion to Affirm HHS' Decision March 13, 2017, at 10 n.12. This argument was reasonable,

---

[4] Plaintiff inexplicably points to a vacated decision issued by the U.S. Department of Health and Human Services' Civil Remedies Division to argue that Defendant's position was not substantially justified. Given that the decision was vacated (*see LCD Compl.: Glucose Monitors (L11530/L33822 and Local Coverage Articles A33614/A52464)*, DAB No. 2782 (2017)), it is irrelevant to substantial justification here.

among other reasons, because this Court, in a reasoned opinion, initially adopted it. Mem. & Order, at 4 (Aug. 18, 2017).

Accordingly, for the above reasons, the Court should conclude that Defendant's position was substantially justified and should deny Plaintiff's Motion for EAJA fees and costs.[5]

## II. PLAINTIFF'S REQUESTED FEES AND COSTS ARE UNREASONABLE

If, contrary to the facts and arguments set forth above and in Def. Opp., the Court determines that Plaintiff is entitled to EAJA fees and costs, Defendant suggests that the amounts sought by Plaintiff are grossly excessive and that awarded fees and costs would fairly be approximately one sixth of the amounts that Plaintiff seeks. Defendant requests that the Court deduct claims for the number of hours Plaintiff's counsel spent working on unrelated administrative matters and deduct claims for the number of hours Plaintiff's counsel spent working on duplicative or substantially similar filings, as well as limit an award of fees to an hourly rate of $202.50, limiting the overall fee award – if any at all -- to $32,528.94.[6]

### A. This Court Should Deny Plaintiff's Request for $102,632.93 in Fees and Costs For Administrative Litigation Unrelated to This Action.

If this Court decides in favor of granting Plaintiff's request for fees and costs, the Secretary asks that it deduct $101,809.60 in fees requested for unrelated administrative litigation

---

[5] Plaintiff persists in her contention that she is also entitled to fees under 42 U.S.C. § 2412(b), but failed to substantively rebut the argument made in Def. Opp., that Defendant's position in this litigation was substantially justified and was not brought for improper purpose. Def. Opp. at 8. Defendant's position in this action was reasonable and grounded in both law and fact. And Defendant did not pursue this litigation for any improper purpose. Defendant treated Plaintiff with respect throughout the course of the action and timely filed all appropriate pleadings, anticipating that the action would be resolved at the earliest possible date. As a result, the awarding Plaintiff fees under 42 U.S.C. § 2412(b) would be inappropriate and utterly without support.
[6] Infra n.5.

5

and $823.33 in costs Plaintiffs' counsel have not justified. *See* Def. Ex A, Pl. Mot. for Fees & Costs, Ex. B.

Plaintiff requests fees in the amount of $101,809.60 for 257.7666 hours of work done on unrelated administrative appeals. *See* Def. Ex A, Pl. Mot. for Fees & Costs, Ex. B. The requested fees are for work on an unrelated administrative appeal challenging the validity of a local coverage determination and a local coverage article issued by NHIC, one of CMS's Medicare contractors. *See LCD Compl.: Glucose Monitors (L11530/L33822 and Local Coverage Articles A33614/A52464)*, DAB No. 2782 (2017). The appellate division of the administrative tribunal dismissed Plaintiff's administrative appeal because the appeal sought review of a matter outside of its scope of review. *Id*. at 16. Plaintiff asserts that the fees for the administrative appeal challenging the local coverage determination and local coverage article "are directly related to this action." Pl. Reply to Def.'s Opp'n to Pl. Mot. for Fees & Costs. at 11. However, Plaintiff provides no substantive support for this position, nor is there such support.

Ab initio, Plaintiff acknowledges that the challenge to the local coverage determination was a "separate action[,]" independent from this action. Pl. Resp. to Def.'s Mot. to Dismiss at 2-3 (Feb. 17, 2016). Next, while Plaintiff asserts that the fees are warranted because she was "victorious" in her challenge, this assertion is belied by the fact that the HHS Secretary's final decision in that matter dismissed Plaintiff's complaint in its entirety and vacated the prior favorable decision. DAB No. 2782 at 16. Last, and most importantly, Plaintiff had an opportunity to appeal the administrative decision related to the local coverage determination and local coverage article to federal district court and did not appeal. *See* 42 C.F.R. § 426.490. If Plaintiff had appealed this issue, she would have had an appropriate venue to request attorney's

fees related to that "separate" matter. However, because she did not appeal, failing to challenge the validity or reasonableness of the Secretary's final decision, she cannot ask this Court to award her the fees in her unsuccessful administrative challenge.

In addition to Plaintiff's request for fees for the above-referenced administrative litigation, Plaintiff requests fees for a myriad of administrative claims that are not at issue in this action. Def. Ex. A. For example, Plaintiff requests fees for cases involving administrative law judges named Midgley, Holt, and Cowan. Pl. M. for Fees & Costs, Ex. B at 31-35, 37-38, 46; Def. Ex. A. Yet, the administrative law judge who issued the opinion that formed the basis of this appeal was Wanda Zatopa, not Midgley, Holt, or Cowan. AR at 217-224. Plaintiff has provided no explanation for why she has included fees for these unrelated administrative cases in her request for costs to this Court. As the Court noted in its Memorandum and Order, judicial review of the Complaint is governed by 42 U.SC. § 405(g). Mem. & Order at 6 (Apr. 5, 2018). Pursuant to 42 U.S.C. § 405(g), an individual may appeal a final decision of the Secretary to federal district court. The only decision that Plaintiff appealed in this litigation was the Secretary's final decision, issued by the Medicare Appeals Council on September 25, 2015, denying her Medicare coverage for CGMs and related items, which stemmed from Administrative Law Judge Zatopa's decision. AR at 1-13.[7] Obviously, Plaintiff should not be permitted to request fees for unrelated administrative cases involving administrative law judges Midgley, Holt, and Cowan that are not a part of this action.

Last, Plaintiff requests $823.33 in cost for postal fees. Pl. Mot. for Fees & Costs, Ex. B. However, Plaintiff provides no factual basis for the payment of such fees in this action. *Id*.; Def.

---

[7] In Plaintiff's Reply to the Secretary's Opposition to Plaintiff's Motion for Costs, Plaintiff admits that her Complaint sought relief solely for the claims at issue in the administrative record. Pl. Reply to the Sec'y Opp'n to Pl. Mot. for Fees & Costs.

Ex. A. Many of the postal fees appear located near billing entries for the unrelated administrative claims. *Id.* Ex. B, Def. Ex. A. As a result, Plaintiff has not demonstrated that these fees were related to this action, and her claims for such fees should be denied.

**B. The Court Should Reduce the Fees Associated With Plaintiff's Filings that Were Duplicative or Substantially Similar to Filings in Different Cases.**

If this Court decides in favor of granting Plaintiff's request for fees and costs, Defendant requests that the Court reduce the fees requested for filings that were duplicative or substantially similar to filings in separate cases.

As mentioned in Def. Opp., the pleadings filed in this case largely echo the pleadings filed in *Whitcomb v. Azar*, Docket No. 2:13-C-00990 (E.D. Wis.) and *Bloom v. Azar*, Docket No. 5:16-cv-00121 (D. Vt.). As an example, fifty of the paragraphs in the complaint in this action repeat the paragraphs in the prior-filed *Whitcomb* Complaint. *See Whitcomb v. Sebelius*, Docket No. 2:13-C-00990, E-File Doc. 30 (E.D. Wis.). Accordingly, Plaintiff cannot be reimbursed $3,905.50 for the 8.75 hours they spent drafting the Complaint in this action. Pl. Mot. for Fees & Costs, Ex. B, at 2, 7, 8. Additionally, portions of the Memorandum in Support of Plaintiff's Motion for Summary Judgment filed in this case are substantially similar to portions of the Brief in Support of Plaintiff's Request for Judicial Review filed in *Whitcomb* (*see Whitcomb*, Docket No. 13-C-990, E-File Doc. 48 (Oct. 30, 2014)). Yet, Plaintiff's counsel are requesting $21,027.09 in fees for the 45.91667 hours they spent drafting this Motion. Pl. Mot. for Fees & Costs, Ex. B, at 2, 35-37.[8] Moreover, Plaintiff's Motion for Fees and Costs is substantially similar to the Motion for Fees and Costs previously filed in *Bloom*, Docket No. 5:16-cv-121, E-File Doc. 53 (Mar. 1, 2018). Yet, Plaintiff's counsel are demanding $7,445.25 for 15.55 hours

---

[8] And Plaintiff's counsel are recovering these fees in the *Whitcomb* case, as they point out to the Court.

spent in preparing it.  Pl. Reply to Sec'y Opp'n to Pl. Mot. for Fees & Costs, Ex. 1, 2. Accordingly, if this Court decides in favor of granting Plaintiff's request for fees, Defendant asks that it reduce Plaintiff's fees by $32,377.84, or an amount it determines appropriate, to account for time spent on filings that were duplicative or substantially similar to filings made in separate cases.

### C. This Court Should Decline to Grant Plaintiff's Request For an Enhanced Fee.

Defendant asserts again that Plaintiff's request for fees should be dismissed.  However, if the Court grants Plaintiff's request for fees, Defendant requests that the request be discounted to reflect an hourly rate of $202.50.  While Defendant concedes that a cost of living adjustment, raising the statutorily permitted rate from $125 to $202.50, would be appropriate if any fees were awarded, it contests any further enhancement of fees because Plaintiff has failed to demonstrate that a special factor justifies a higher rate.  28 U.S.C. § 2412(d)(2)(A).

As an initial matter, any fee award to local counsel in Massachusetts, Laurie Bejorian, should be limited to fees in the amount of $15,997.50 (79 hours at an hourly rate of $202.50). *See* Pl. Reply to Def. Opp'n to Pl. Mot. for Fees & Costs, at 9 and Ex. 2; Pl. Mot. for Fees & Costs, Ex. B at 2.  Plaintiff has not offered any evidence or explanation in support of Attorney Bejorian having enhanced credentials or specialized experience justifying the award of an enhanced fee.  Further, the bills submitted by Attorney Bejorian indicate that her work has primarily included reviewing, editing, and filing motions and discussing the case with others.  Pl. Mot. for Fees & Costs, Ex. B; Pl. Reply to Def. Opp'n to Pl. Mot. for Fees & Costs at Ex. 2. These tasks are not demonstrative of "some distinctive knowledge or specialized skill needful for the litigation in question[;]" therefore, any award to Attorney Bejorian – if any -- should be limited to $15,997.50.  *Pierce,* 487 U.S. at 573, if any.

9

Further, Parrish Law Offices has not demonstrated any special factors justifying an enhanced fee award. Accordingly, after the fee request is reduced to account for the charges for unrelated administrative litigation and duplicative/substantially similar filings, it should further reduced to reflect an hourly rate of $202.50.

Plaintiff argues that Parrish Law Offices had

> specialized knowledge that the evidence of the numerous ALJ decisions was available. That is specialized knowledge of the Parrish firm generally, not individual lawyers associated with the firm.

Pl. Reply to Def. Opp. to Pl. Mot. for Costs. Plaintiff's argument is unclear, and fails to demonstrate that Parrish Law Offices had specialized knowledge sufficient to justify a significantly enhanced fee. The Supreme Court has established a high bar for demonstrating that an award of enhanced fees is warranted, noting that the special factors justifying such a fee "are not of broad and general application" and should be limited to situations in which the "attorneys have some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." *Pierce*, 487 U.S. at 573 (concluding that "[t]he novelty and difficulty of issues, the undesirability of the case, the work and ability of counsel, and the results obtained" were insufficient factors to justify the award of an enhanced fee); *see also Healey v. Leavitt*, 485 F.3d 63, 70 (2d Cir. 2007) (concluding that specialized experience in Medicare did not justify the award of an enhanced fees). Parrish Law Offices' knowledge of decisions from administrative law judges in unrelated cases is irrelevant to this litigation, as the decisions are not binding, have no effect on the outcome of this litigation, and are not especially technical or even complicated. Consequently, Parrish Law Offices' knowledge does not constitute a specialized skill necessary to litigate Plaintiff's case and an enhanced fee award based on special factors is not justified.

Finally, as this Court is aware, the Court and counsel for Defendant have been fully capable of understanding and discussing the facts and issues in this action without specialized degrees or specialized technical or legal knowledge of any kind. This case is a routine appeal of an administrative decision denying payment, nothing more.

For all of these reasons, Plaintiff requests that, if this Court determines an award of fees and costs is appropriate because Defendant lacked substantial justification for its position, it deduct the number of hours Plaintiff's counsel spent working on unrelated matters, deduct or reduce the number of hours Plaintiff's counsel spent working on duplicative or substantially similar filings, and limit an award of fees to an hourly rate of $202.50, thus limiting any total fee award, if any, to no more than $32,528.94.[9]

### III. CONCLUSION

Defendant's position throughout the administrative proceedings and before this Court has been substantially justified and no showing has been made that Defendant had any improper purpose in its defense of this action. Accordingly, Defendant requests that this Court deny Plaintiff's Motion for EAJA fees and costs. Should the Court conclude that an award of fees and/or costs is appropriate, Defendant requests that the Court deny the huge and inappropriate amounts requested and limit the awards to hours actually expended on this action at normal counsel rates.

---

[9] This amount was calculated by deducting the number of hours worked on unrelated administrative matters (257.7666) and the number of hours worked on duplicative or substantially similar filings (70.21667) from the total number of hours Plaintiff's counsel listed in Plaintiff's Reply to the Secretary's Opposition to Plaintiff's Motion for Fees and Costs (488.62). After making this deductions, Defendant concluded, based on Plaintiff's records, that Plaintiffs' counsel worked for 160.63673 hours on this case.

Respectfully submitted,

ANDREW LELLING
United States Attorney

*/s/ Anita Johnson*
ANITA JOHNSON BBO No. 565540
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3266
anita.johnson@usdoj.gov

Of Counsel:

ROBERT P. CHARROW
General Counsel

JAN B. BROWN
Acting Chief Counsel, Region I

JENNIFER WILLIAMS
Assistant Regional Counsel
Office of the General Counsel, Region 1
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250, Boston, MA 02203
617-565-2379
jennifer.williams@hhs.gov

Certificate of Service

    I hereby certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel for Plaintiff electronically, on this 26th day of June 2018.

*/s/ Anita Johnson*
Assistant U.S. Attorney