UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAROL LEWIS,

          Plaintiff,

          v.                                                    Case 1:15-cv-13530-NMG

ALEX AZAR,
Secretary of the U.S. Department of Health
and Social Services,

          Defendant.

## MS. LEWIS' MOTION TO STRIKE DEFENDANT'S SUR-REPLY AND FOR FEES

Plaintiff Carol Lewis respectfully moves the Court for an order striking Defendant's 11 page sur-reply, with a 20 page exhibit of additional disputes filed on June 26, 2018. Ms. Lewis also seeks an award of the fees incurred for this briefing.

Defendant's sur-reply repeats a pattern in this case. First, Defendant's counsel (Ms. Johnson) refuses to comply with Local Rule 7.1(a)(2) and meet and confer in a good faith effort to narrow the issues. Then, after Ms. Lewis files a paper, Defendant responds with arguments/issues presented to Plaintiff for the first time. Ms. Lewis is forced to deal with the new arguments in its Reply. Then, Defendant files a sur-reply filled with yet more new arguments. Ms. Lewis is then either forced to either stand on its papers or seek leave to file a sur-sur-reply. Thus, the Secretary's counsel's (Ms. Johnson) steadfast refusal to comply with their Local Rule duties multiplies the proceedings.[1]

---

[1] See 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

On May 4, 2018, Ms. Lewis filed her request for fees under EAJA. As noted therein, Ms. Johnson failed and refused to meet and confer in violation of Local Rule 7.1(a)(2). Dkt. # 80 at 6. Attached to that motion were exhibits including all of the individual time entries/charges sought. Dkt. # 80 (Exhibit B). After receiving an extension of time to respond, on May 23, 2018, the Secretary filed a 14 page opposition to Ms. Lewis motion. Dkt. # 86. On June 5, 2018, Ms. Lewis replied noting that she was hearing many of the Secretary's points for the first time because of Ms. Johnson's refusal to comply with the Local Rules. Dkt. # 93.

On June 12, 2018, Defendant moved for leave to file a sur-reply contending that there were "new" arguments in Plaintiff's Reply. Dkt. # 94. On June 26, 2018, Defendant filed an 11 page sur-reply. Defendant did not identify any "new" argument in Plaintiff's Reply that defendant was responding to. Instead, Defendant simply presented new arguments against the positions Defendant was on notice of since the opening papers for an additional 11 pages.

Further, attached to the sur-reply was a 20 page exhibit wherein the Secretary disputed, for the first time, nearly 175 individual time entries. Each of those time entries was provided in Ms. Lewis' opening papers on May 4, 2018 and there was no reason that any disputes about them could not have been included in Defendant's Opposition filed on May 23, 2018 (especially given the extension of the time to respond).

Incredibly, even on this motion, the Secretary's counsel (Ms. Johnson) failed and refused to meet and confer. Attached, as Exhibit XXX, is a copy of the email traffic where Ms. Lewis' counsel sought to meet and confer 6 times and the Secretary failed and refused.

---

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.")

In light of the fact that there were no "new" arguments that Defendant responded to, or at least none have been identified because of the Secretary's failure and refusal to meet and confer, the sur-reply should be stricken.

The alternative would be to have Plaintiff respond with yet another brief.  That is no answer because it would impose additional expense on Plaintiff totally as a result of the Secretary's failure and refusal to comply with the Local Rules.  In addition, it would impose additional burden on this Court to consider yet another round of briefing as a result of the Secretary's conduct.  Further, that would be exactly the vexatious multiplication of the proceedings the Rules are designed to avoid.

Finally, Ms. Lewis should be awarded the additional fees incurred in addressing the sur-reply.  The additional briefing in this case is totally the result of the Secretary's failure and refusal to comply with the Local Rules.  It would certainly be inequitable to force Ms. Lewis to bear the expense of the Secretary's misconduct.  The additional fees incurred are in the amount of $3,882.00.  Exhibit B.  Those fees may be awarded as part of the EAJA fees (28 U.S.C. § 2412(b) ("bad faith") or (d) or pursuant to 28 U.S.C. § 1927 (vexatious multiplication).

Dated: July 5, 2018                                             Respectfully submitted,

 

                    CAROL LEWIS, By her attorneys,
                    */s/ Laurie J. Bejoian*
                    LAURIE J. BEJOIAN BBO No. 545312
                    325B Great Road
                    Littleton, MA 01460
                    978-486-9145
                    ljblaw.ljbejoian@gmail.com

                    OF COUNSEL
                    DEBRA M. PARRISH
                    PARRISH LAW OFFICES
                    788 Washington Road
                    Pittsburgh, PA 15228
                    412-561-6250

debbie@dparrishlaw.com

Certificate of Service

I certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel for Defendant electronically, on this the 5th day of July 2018.

*/s/ Laurie J. Bejoian*
LAURIE J. BEJOIAN BBO No. 545312
325B Great Road
Littleton, MA 01460
978-486-9145
ljblaw.ljbejoian@gmail.com