**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CAROL LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 1:15-CV-13530-NMG |
| | ) | |
| ALEX AZAR | ) | |
| Secretary, United States Department | ) | |
| of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUR-REPLY ON EAJA FEES

At this stage of the case, Plaintiff is seeking almost $200,000 in attorneys' fees and costs[1] in connection with this Court's judgment of $2,843 in damages.[2] Plaintiff now asks the Court to strike Defendant's Sur-Reply, which contains Defendant's detailed opposition to Plaintiff's particular claims for attorneys' fees and costs.[3] Plaintiff has not rebutted any of Defendant's detailed analysis and, instead, seeks to strike Defendant's analysis from the record. There is no basis for striking Defendant's Sur-Reply under Rule 12(f), Federal Rules of Civil Procedure or any other provision, and the Sur-Reply is material and important to the issue of whether – if the Court determines that Defendant lacked substantial justification for its position – Plaintiff's claims for fees and costs are appropriate.

---

[1] She sought $190,749.60 in her initial request and $6622.50 in her "Revised Motion to Strike Defendant's Sur-Reply and For Fees."
[2] See Joint Motion to Amend the Judgment (5/07/18) and Order Allowing Motion (5/25/2018).
[3] The Sur-Reply also contains a short summary of the Secretary's substantial justification for her position in opposing Medicare coverage for Plaintiff's Continuous Glucose Monitor. Defendant's Sur-Reply to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Fees and Costs at 2-5.

### I. PLAINTIFF FAILS TO PROVIDE AUTHORITY FOR THE COURT TO STRIKE DEFENDANT'S SUR-REPLY.

Plaintiff asserts that the Court should strike Defendant's Sur-Reply because counsel for Defendant "refuses to meet and confer" pursuant to Local Rule 7.1(a)(2) prior to filing the Sur-Reply. Plaintiff cites no authority for her position. Ab initio, Local Rule 7.1 requires counsel to confer regarding a motion before it is filed. It is unclear from Plaintiff's Motion to Strike which motion Plaintiff places at issue. As to Defendant's Motion for Leave to File the Sur-Reply (filed on June 12, 2018), the emails attached to this brief make it clear that the undersigned counsel for Defendant contacted James Pistorino[4] and asked for his position on the Motion for Leave to File and that James Pistorino stated that he was unopposed to the Motion. After the Motion for Leave was granted and Defendant filed the Sur-Reply, James Pistorino then repeatedly requested a verbal discussion of the issues raised in the Sur-Reply, which, having fully briefed the issues, counsel for Defendant declined to do. Local Rule 7.1 requires conference before motions are filed, not a conference regarding the substance of every memorandum in a case.

Authority for the Court to strike a pleading is found in Rule 12(f), Federal Rules of Civil Procedure, which provides that a pleading may be struck from the record if the pleading sets forth "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This rule, in terms, applies to a pleading. *See Minahan v. Town of East Longmeadow*, 2014 WL 1652646, at 2 (D. Mass.) ("As both the letter and purpose of Rule 12(f) indicate, the rule applies only to pleadings."). A pleading is defined by Rule 7(a), Federal Rules of Civil Procedure, as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim,

---

[4] Although James Pistorino is not counsel of record in the case and is not a member of the Massachusetts Bar, he has asserted that he speaks for Debra Parrish, counsel for Plaintiff, and Parrish has informed the undersigned that that is the case.

an answer to a cross claim, a third-party complaint, an answer to a third-party complaint, and, if the court orders, a reply to an answer.

The Sur-Reply that Plaintiff moves to strike from the record, responds to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Fees and Costs. The Sur-Reply does not fall within the term "pleading" under Rule 7(a), and accordingly, cannot be struck under the authority of Rule 12(f). *See Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997), *abrogated on other grounds by Crowley v. L.L. Bean, Inc.*, 303 F3d 387 (1st Cir. 2002) (noting that Fed. R. Civ. P. 12(f) is only applicable to pleadings and has no applicability to motions made in pursuit of or in opposition to summary judgment); *Minahan*, 2014 WL 1652646, at 2 (Rule 12(f) is only applicable to pleadings and cannot be used to strike a memorandum of law in opposition to a motion to dismiss); *Colon v. Blades*, 268 F.R.D. 143, 146 ("An informative motion is not a pleading within the meaning of Rule 12(f).")

## II. DEFENDANT'S SUR-REPLY IS NOT REDUNDANT, IMMATERIAL, IMPERTINENT OR SCANDALOUS.

Should the Court determine that Rule 12(f) confers authority to strike a sur-reply memorandum that is not a "pleading" within the meaning of Rule 7(a), Rule 12(f) confers authority to strike only when the material is "an insufficient defense or . . . redundant, immaterial, impertinent, or scandalous matter." Moreover, motions brought under Rule 12(f) are generally "disfavored in practice" and "not typically granted without a showing of prejudice to the moving party." *Boreri v. Fiat, S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985); *Sheffield v. City of Boston*, 319 F.R.D. 52, 54 (D. Mass. 2016). In reviewing a motion to strike, all reasonable inferences are drawn in the pleader's favor and all doubts are resolved in favor of denying the motion to strike. *See Nwachukwu v. Karl*, 216 F.R.D. 176 (D.D.C. 2003).

Plaintiff fails to demonstrate that Defendant's Sur-Reply is "redundant, immaterial, impertinent, or scandalous." The Sur-Reply is material because it responds, section by section, to the arguments in Plaintiff's last-filed memorandum, her Reply Re: Motion for Fees and Costs. In her Reply Re: Motion for Fees and Costs, Plaintiff appeared to admit that approximately $50,902.98 of the costs requested in her Motion for Fees and Costs were for fees for an administrative proceeding on an issue that is irrelevant to this action (an issue of the validity of a Local Coverage Determination/Local Coverage Article). Pl. Reply Re: M. for Fees and Costs at 10. Based on this startling admission, Defendant determined that he should conduct a detailed analysis of the requested EAJA fees to ascertain whether Plaintiff's estimate of $50,902.98, was accurate and whether Plaintiff had attempted to include fees on any other matters not at issue in this litigation or were otherwise inappropriate. *See* Defendant's Sur-Reply at 5-9 and Ex. A. Defendant's analysis concluded that Plaintiff had requested $102,632.93 in fees and costs for administrative litigation unrelated to this action. This conclusion, as well as the related conclusions set forth in the Sur-Reply, are clearly material to the amount requested in Plaintiff's EAJA fee petition and, indeed, material to the credibility of the petition. As a result, even if the Court determined that the Sur-Reply is a "pleading" within the meaning of Rule 7(a), Rule 12(f) cannot be applied to strike the Sur-Reply because it is material – indeed, central – to the Court's evaluation of the EAJA petition and because Plaintiff cannot demonstrate that it is legally prejudicial to Plaintiff. *Boreri*, 763 F.2d at 23; *Sheffield*, 319 F.R.D. at 54.[5]

---

[5] Likewise, had Plaintiff shown that counsel for Defendant violated Local Rule 7.1 – which he has not – it would have been inappropriate to impose any other sanction because Plaintiff has not shown prejudice from failure to confer. *See United States v. Roberts,* 978 F.2d 17, 20 (1st Cir. 1992) (no prejudice shown from violation of rule); *Gerakaris v. Champagne,* 913 F. Supp. 646, 651 (D. Mass. 1996) (failure to confer does not warrant denial of motion); *Casual Male Retail Group, Inc. v. Varbrough,* 527 F. Supp.2d 172, 180 (D. Mass. 2007) (violation of local rule did not result in prejudice and therefore did not warrant sanctions); *Laporte v. Lab. Corp. of America*

Accordingly, Plaintiff's Motion to Strike Defendant's Sur-Reply is utterly without merit and is required to be denied. If Plaintiff wishes to contest Defendant's challenges to the claims in her EAJA fee petition, she has the option of filing a motion for leave to file an additional memorandum. But Plaintiff has no basis for asking the Court to strike the Sur-Reply from the record, depriving the Court of the Defendant's thorough, painstaking analysis of Plaintiff's claimed fees should the Court hold that Defendant lacked substantial justification for his position.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court deny Plaintiff's Motion to Strike.

                              Respectfully submitted,

                              ANDREW LELLING
                              UNITED STATES ATTORNEY

                              */s/ Anita Johnson*
                              ANITA JOHNSON BBO No. 565540
                              Assistant U.S. Attorney
                              Moakley United States Courthouse
                              One Courthouse Way, Suite 9200
                              Boston, MA 02210
                              617-748-3266
                              anita.johnson@usdoj.gov

Of Counsel:

ROBERT P. CHARROW
Acting General Counsel

---

*Holdings,* 2014 WL 2818591 *7 ("Sanctions are unwarranted where conferral between the parties likely would not have resolved or narrowed the issues, . . . ."); *Edwards v. New England Tel. and Tel. Co.,* 86 F.3d 1146 *1 (1st Cir. 1996)(table decision) (same); *Charter Envtl., inc. v. Shaw Envtl., Inc., 2009 WL 2982772 *16* (D.Mass. Sept. 14, 2009) (Local Rule 7 conference would have been unlikely to resolve or narrow the issues in contention).

JAN B. BROWN
Acting Chief Counsel, Region I

JENNIFER WILLIAMS
Assistant Regional Counsel
Office of the General Counsel, Region 1
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250, Boston, MA 02203

Certificate of Service

     I certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel for Plaintiff electronically, on this nineteenth day of July 2018.

                                               */s/ Anita Johnson*
                                               Assistant U.S. Attorney