UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAROL LEWIS,

          Plaintiff,

v.                                  Case 1:15-cv-13530-NMG

ALEX AZAR,
Secretary of the U.S. Department of Health
and Social Services,

          Defendant.

**MS. LEWIS' REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANT'S SUR-REPLY AND FOR FEES
LEAVE TO FILE GRANTED JULY 30, 2018**

    The Secretary's sur-reply brief should be stricken.

    As an in initial matter, the Secretary appears to challenge the Court's authority to strike the sur-reply. Opp. at 2-3. That claim rests on the Secretary's strawman argument that Ms. Lewis' motion was brought under FED.R.CIV.P. 12(f) and that, because a motion paper is not a "pleading" and the sur-reply was not "redundant, immaterial, impertinent, or scandalous," this Court has no authority to strike the sur-reply. There is nothing to these claims. First, Ms. Lewis' motion to strike was not brought under FED.R.CIV.P. 12(f). Second, it should go without saying that this Court has the power to strike a motion paper under its inherent authority to control proceedings. One basis for striking a paper is a misrepresentation of the basis for filing it. For example, here, the Secretary requested leave to file a sur-reply "… in order to respond to new arguments raised in Plaintiff's Reply Brief." See Dkt. # 94. When the sur-reply came, no "new arguments" by Ms. Lewis were identified or responded to. Instead, the Secretary just filed an additional 11 pages of argument

opposing the initial motion and a 20 page exhibit challenging nearly 175 time entries included in the original motion. Misrepresenting the grounds for filing a paper is a proper basis for striking the offending paper and that is what happened here.

Further, this Court has explicitly detailed the potential consequences for failing to comply with the Local Rules. Pursuant to Local Rule 1.3:

> Failure to comply with any of the directions or obligations set forth in, or authorized by, these rules may result in dismissal, default, or the implementation of other sanctions as deemed appropriate by the judicial officer.

On both the present motion and the underlying motion for fees, it is undisputed that the Secretary's representative failed and refused to comply with Local Rule 7.1(a)(2). Striking the Secretary's opposition to this motion, sur-reply, and/or the original opposition to the motion for fees would be appropriate responses. Here, Ms. Lewis seeks only to have the sur-reply stricken for misrepresenting the basis for filing a sur-reply and for including arguments that should have been in the original opposition to which Ms. Lewis could have responded.[1]

The Secretary's representative (Ms. Johnson) admits that she refused to meet and confer on the present motion. Opp. at 2 ("… counsel for Defendant declined to do."). Thus, even on the present motion it is undisputed that the Secretary's counsel (Ms. Johnson) refused to comply with Local Rule 7.1(a)(2) and meet and confer in a good faith effort to narrow the issues. On this ground

---

[1] As this Court has previously noted, this is not the first time the Secretary's representative has included new arguments in either a reply or sur-reply. See Dkt. #77 at 3 ("In defendant's reply, the government for the first time argued …").

alone, Defendant's opposition *to this* motion could be stricken and, being unopposed, Plaintiff's motion to strike the sur-reply could be granted.[2]

The Secretary's claim that Ms. Lewis has not shown "prejudice from the failure to meet and confer" (Opp. at 4, n 5) does not pass even momentary scrutiny. In her moving papers, Ms. Lewis demonstrated the prejudice of having to move without knowing the basis for the Secretary's opposition (on both its fees motion and this motion) and further noted the prejudice in even having to brief these issues in the form of increased expense. Indeed, Ms. Lewis included an exhibit detailing the increased fees incurred and specifically sought an award of those expenses.

On page 4 of his opposition to the present motion, the Secretary offers that Ms. Lewis' reply contained the "startling admission" that fees related to the LCD challenge were being sought and that somehow justified a sur-reply. Opp. at 4. There is nothing to that. First, the LCD challenge fees would have been one of the topics covered in the meet and confer before filing the motion for fees. However, it is undisputed that the Secretary's representative refused to meet and confer on that topic. Thus, any alleged surprise is the result of the Secretary's misconduct. Second, there was no surprise as Ms. Lewis explicitly addressed the LCD challenge in her moving papers filed on May 4, 2018 and included detailed time entries for those fees in Exhibit B thereto. See Dkt. #80 at 3-4, Exhibit B (e.g., "10/9/2015 – Read over DMP's interrogatories for discovery for LCD challenge, spoke with DMP re the same"). Third, the Secretary specifically addressed these fees in the opposition filed on May 23, 2018. See Dkt. #86 at 13-14. In her Reply, Ms. Lewis simply

---

[2] By Ms. Lewis' count, this marks the fourth time that the Secretary has failed and/or refused to comply with his Local Rule obligations. These are: 1) the Secretary failed to meet and confer on the Secretary's motion to dismiss, included in his sur-reply on the motions for summary judgment; 2) the Secretary failed and refused to meet and confer on Ms. Lewis' motion to alter or amend the judgment; 3) the Secretary failed and refused to meet and confer on Ms. Lewis' motion for fees (except as agreeing that Ms. Lewis was the prevailing party); and 4) the Secretary failed and refused to meet and confer on the present motion.

responded to the Secretary's opposition. That there would be opposition, and the grounds for which, were concealed from Ms. Lewis as a result of the Secretary's refusal to comply with his duties to meet and confer. Thus, there never was any "startling admission" - the sur-reply is founded on materials the Secretary had before filing its opposition, and the claim, if any, that there were "new arguments" in Ms. Lewis' reply is false.

Incredibly, the Secretary offers that the answer to both the misrepresentation about the sur-reply and the Secretary's failure and refusal to comply with the Local Rules is for *Ms. Lewis* to seek leave to file another paper. Opp. at 5. Thus, the Secretary offers that this Court (and Ms. Lewis) suffer the consequences for the Secretary's misconduct and vexatious multiplication of the proceedings. That is a position without basis.

Ms. Lewis' motion to strike the sur-reply should be granted and Ms. Lewis further awarded the additional fees incurred as a result of this briefing in the amount of $3,882.00. The additional fees may be awarded as part of the EAJA fees (28 U.S.C. § 2412(b) ("bad faith") or (d) or pursuant to 28 U.S.C. § 1927 (vexatious multiplication).

Dated: July 30, 2018                              Respectfully submitted,

                                                      CAROL LEWIS, By her attorneys,
*/s/ Laurie J. Bejoian*
LAURIE J. BEJOIAN BBO No. 545312
325B Great Road
Littleton, MA 01460
978-486-9145
ljblaw.ljbejoian@gmail.com

OF COUNSEL
DEBRA M. PARRISH
PARRISH LAW OFFICES
788 Washington Road
Pittsburgh, PA 15228
412-561-6250

4

debbie@dparrishlaw.com

## Certificate of Service

I certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel for Defendant electronically, on this the 30th day of July 2018.

*/s/ Laurie J. Bejoian*
LAURIE J. BEJOIAN BBO No. 545312
325B Great Road
Littleton, MA 01460
978-486-9145
ljblaw.ljbejoian@gmail.com